IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSITY OF SOUTH ALABAMA, etc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 15-0608-WS-B ) |
| CYNTHIA ANN GRAMMER, | ) ) |
| Defendant. | ) ) |

## ORDER

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Upon review of the file, the Court concludes that the existence of subject matter jurisdiction remains uncertain.

The defendant removed this action on the basis of diversity of citizenship. The complaint identifies the plaintiff as "University of South Alabama, d/b/a University of South Alabama Medical Center Hospital." (Doc. 1-1 at 1). The complaint alleges that the plaintiff "is an entity of the state of Alabama." (*Id*.). The notice of removal quotes this allegation as establishing the plaintiff's Alabama citizenship. (Doc. 1 at 2). The Court is not so sure.

"Turning to the merits of the jurisdictional issue, the University of South Alabama is not a citizen of Alabama for the purpose of diversity of citizenship…." *University of South Alabama v. American Tobacco Co*., 168 F.3d 405, 411 (11th Cir. 1999) ("*USA*"). The Eleventh Circuit directed the district court to remand the action to state court, because the University of South Alabama was the only plaintiff and "the University is an instrumentality of the state, not a citizen of the state of Alabama, for the purpose of diversity jurisdiction." *Id*. at 412.

"[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's v. Osting Schwinn*, 613 F.3d 1079, 1092 (2010) (internal quotes omitted). Thus, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *USA*, 168 F.3d at 410.

Because "[a] removing defendant bears the burden of proving proper federal jurisdiction," *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002), the defendants are **ordered** to file and serve, on or before **February 5, 2016**, such briefing and/or evidentiary materials as they deem necessary and appropriate to carry their burden of showing the existence of complete diversity. The plaintiff is **ordered** to file and serve any response on or before **February 19, 2016**. The Court will take under submission the question of its subject matter jurisdiction on February 19, 2016.

DONE and ORDERED this 22nd day of January, 2016.

                                      s/ WILLIAM H. STEELE
                                      CHIEF UNITED STATES DISTRICT JUDGE